UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND



| | |
|---|---|
| BRENNAN WATSON, | |
| Plaintiff, | JURY TRIAL DEMANDED |
| V. | CASE NO. JKB 23 CV 3214 |
| EQUIFAX INFORMATION SERVICES, LLC, | |
| TRANSUNION, LLC | |
| Defendants, | |

# COMPLAINT

## INTRODUCTION

1. This is an action for actual, statutory, Punitive damages, and costs, Pursuant to 15 U.S.C 1681 et seq. (Federal Credit Reporting Act).

2. Brennan Watson ("Plaintiff") an individual consumer brings this action against EQUIFAX INFORMATION SERVICES LLC, TRANSUNION LLC ("Defendants" or "Equifax", or "Transunion") for actual, statutory, Punitive damages, injunctive relief, restitution and costs, against Defendants for violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq. (hereinafter "FCRA")

3. While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

4. Unless otherwise indicated, the use of a Defendants name in this Complaint includes all agents, principles, managing agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers of those Defendants named.

5. The Fair Credit Reporting Act (FCRA), found at 15 U.S.C. § 1681, et seq., was originally enacted in 1970. The express purpose of the FCRA was to require that consumer reporting agencies adopt and implement "reasonable procedures" for ensuring that credit information about a consumer was collected, maintained, and dispensed "in a manner which is fair and equitable to the consumer with regard to the confidentiality, accuracy, relevancy and proper utilization of such information " FCRA, 15 U.S.C. §1681(b); *Safeco Ins. Co. of Am. v. Burr* (2007) 551 U.S. 47, 127 S.Ct. 2201, 2205. The Congressional findings noted that "[t]here is

a need to insure that consumer reporting agencies exercise their grave responsibilities with of fairness, impartiality, and respect for the consumer's right to privacy.

## PARTIES

6. Plaintiff Brennan Watson is an natural person residing in Tacoma, WA. Plaintiff is a consumer as defined by the Fair Credit Reporting Act 15 U.S.C §1681a,(b) and (c)

7. Upon information and belief Defendant Equifax is a Foreign Limited liability company located in Atlanta, GA who conducts business in the state of Washington.

8. Upon information and belief Defendant Transunion is a profit Corporation located in Chicago, IL who conducts business in the state of Washington

9. Upon information and belief, Equifax and Transunion are both a "consumer reporting agency that compiles and maintains files on consumers on a nationwide basis" as defined by 15 U.S.C. § 1681a(f). Upon information and belief, Equifax is regularly engaged in the business of compiling and maintaining files on consumers on a nationwide basis for the purpose of furnishing consumer reports to third parties bearing on a consumer's creditworthiness, credit standing, or credit capacity, each of the following regarding consumer residing nationwide:

   a. Public record information;

   b. Credit account information from persons who furnish that information regularly and in the ordinary course of business.

## JURISDICTION AND VENUE

10. Jurisdiction of this court arises under 15 U.S.C. § 1681(p), 28 U.S.C 1331. Venue in this District is proper in that the Defendants transact business here, and the conduct complained of occurred here.

## DEFINITIONS

11. The following Definitions of the FCRA Apply to this complaint:

   A. **Consumer** - Means an individual.

   B. **Consumer report** - Means any written, oral, or other communication of any information by a consumer reporting agency bearing on
   a consumer's credit worthiness, credit standing, credit capacity, character, general reputation, personal characteristics, or mode of living which is used or expected to be used or collected in whole or in part for the purpose of serving as a factor in establishing

   the consumer's eligibility.(**A**)credit or insurance to be used primarily for personal, family, or household purposes;(**B**)<u>employment purposes</u>; or (**C**)any other purpose authorized under section 1681b.

C. **Consumer Reporting agency** - means any person which, for monetary fees, dues, or on a cooperative nonprofit basis, regularly engages in whole or in part in the practice of assembling or evaluating consumer credit information or other information on consumers for the purpose of furnishing consumer reports to third parties, and which uses any means or facility of interstate commerce for the purpose of preparing or furnishing consumer reports.

D. **Person** - means any individual, partnership, corporation, trust, estate, cooperative, association, government or governmental subdivision or agency, or other entity.

E. **Accuracy** - (Not explicitly defined by the FCRA, Thus we must take its ordinary meaning), Means the quality or state of being correct or precise.

F. **Complete** - (Not explicitly defined by the FCRA, Thus we must take its ordinary meaning) means having all necessary parts, elements, or steps.

G. **Investigation** - (Not explicitly defined by the FCRA, Thus we must take its ordinary meaning) Means a searching inquiry for ascertaining facts; detailed or careful examination.

H. **File** - when used in connection with information on any consumer, means all of the information on that consumer recorded and retained by a consumer reporting agency regardless of how the information is stored.

## FACTS OF THE COMPLAINT

12. Plaintiff was in the Market for $25,000 in credit for his personal and household use.

13. Plaintiff knew that in order to obtain the credit he was seeking that he had to ensure that his credit reports were free of inaccurate information and complete with all information pertaining to his accounts.

14. On or about July of 2023, Plaintiff Pulled his Credit reports from annualcreditreport.com

    A. The Equifax Credit report number was 3711670193.

    B. The Transunion Credit Report Number was 424987110

15. Plaintiff conducted a meticulous review of his Equifax and Transunion Credit reports and noticed numerous accounts that had false, inaccurate, and incomplete information.

16. This left Plaintiff Confused and distraught as to why the accounts had so many errors and incomplete information, Given Equifax and Transunion has a legal obligation to assure consumers maximum possible accuracy on there credit reports.

17. The consumer report at issue is a written communication of information concerning Plaintiff's credit worthiness, credit standing, credit capacity, character, general reputation, personal characteristics, or mode of living which is used or for the purpose of serving as a factor in establishing the consumer's eligibility for credit to be used primarily for personal, family, or household purposes as defined by 15 U.S.C § 1681a(d)(1) of the FCRA.

18. The specific accounts that had and currently has the inaccurate and incomplete information is:

    A. First Premier Bank - (Equifax xxxx8139 - Transunion  517800674350****)
    B. One Main Financial LLC - (Equifax xxxx7391 - Transunion 222324400797****)

19. On or about August 26 2023, Plaintiff sent dispute letters to Defendants Equifax and Transunion, which also had a copy of Plaintiffs Consumer credit report enclosed Via USPS Certified Mail.

20. The dispute letters was dated August 24, 2023.

21. The Tracking number On the dispute letters dated August 24, 2023 was:

    A. 9407111898765416547380 - Equifax
    B. 9407111898765416547052 - Transunion

22. In the dispute letters dated August 24, 2023, Plaintiff Brennan disputed the accuracy and completeness of the data reported by defendants in regards to the First Premier Bank and One Main Financial LLC contained in his Equifax and Transunion consumer reports pursuant to 15 U.S.C. § 1681i(a).

23. Within the dispute letters dated August 24, 2023 Plaintiff not only disputed inaccurate and incomplete items of information pursuant to 15 U.S.C 1681i. But Plaintiff also informed defendants Equifax and Transunion of:

    A. The specific reasons why he disputed the inaccurate and incomplete items of information mentioned in this complaint.

    B. That he believed the information provided by the furnishers of information mentioned in this complaint to defendants Equifax and Transunion was unreliable.

24. The Specific information disputed In the dispute letter dated August 24, 2023 in regards to One Main Financial account (Equifax xxxx7391) stated the following:

A. **The Balance**, Which stated "You are reporting a balance of $1,682, which I dispute as being inaccurate. I don't believe that I have a balance of $1,682 on this account. Fix this or delete the entire account !".

B. **The Payment History**, which stated "You report that I have been 30, 60, 90, 120, and 150 days past due which I dispute as being inaccurate. I don't believe that I have ever been past due at all on this account. Fix this or delete the entire account !".

C. **The Terms Duration** which stated " You are reporting a terms of monthly, paid 3 months, which I dispute as being inaccurate. Fix this or delete the entire account !".

D. **The Date of first delinquency**, which stated " I dispute that there should even be a date of first delinquency reporting, but alternatively even if it should be reporting, Aug 2022 is not accurate because you report a date of last payment of June 2022. Which would mean the date should show July 2022. Fix this or delete the entire account."

E. **The Comments 1 Section**, which stated "You are reporting In the comments 1 section charged off account on 05/2022, which is inaccurate. You show in the payment history that May 2022 was paid on time. Both can't be true. Fix this or delete the entire account"

F. **The Account history**, which stated " The Account history in regards to the balances, Past due, Available Credit, actual payment, high credit, credit limit and Scheduled payments is incomplete for the months of January 2021 through August 2023. Fix this or delete the entire account!"

25. The Specific information disputed In the dispute letter dated August 24, 2023 in regards to One Main Financial account (Transunion  222324400797****) stated the following:

    A. **The High balance**, Which stated  "you are reporting a high Balance of $1,519 from 02/2022 to 06/2023 but in the payment history you are reporting a balance of $1,682 for those same months, both cannot be true. I also dispute ever having such a balance of $1,519. Fix this or delete the entire account !".

    B. **The payment history**, which stated "You report that I have been 30, 60, 90, and 120 days past due which I dispute as being inaccurate. I don't believe that I have ever been past due at all on this account. Fix this or delete the entire account !".

    C. **The Payment received** which stated " You are reporting a last payment date of 06/30/2022 and a payment received of 0$, How can I possibly make a payment of 0$ ? Fix this or delete the entire account !".

    D. **The Balance**, You are reporting a balance of $1,682, which I dispute as being inaccurate. I dont believe I ever had a balance of $1,682 on this account. Fix this or delete the entire account !"

    E. **The Terms** which stated " You are reporting a terms of $0 per month, paid for 36 months, which I dispute as being inaccurate. How is it possible to make payments of 0$ for 36 months? Fix this or delete the entire account !"

    F. **The Account history**, which stated " The Account history in regards to the balances, Past due, and Scheduled payment is incomplete for the months of September 2019 through August 2021. Fix this or delete the entire account!"

    G. **No date of first delinquency**, which stated " You are claiming that I was past due and went into charge-off status on this account, which I still dispute as being inaccurate, but you are reporting that I was past due, so why are not reporting a date of first delinquency ? Fix this or delete the entire account !"

26. The Specific information disputed In the dispute letter dated August 24, 2023 in regards to First Premier Bank LLC account (Equifax xxxx8139) stated the following:

    A. **The Balance**, Which stated "You are reporting a balance of $753, which I dispute as being inaccurate. I don't believe that I have a balance of 753$ on this account. Fix this or delete the entire account !".

    B. **The Payment History**, which stated "You report that I have been 30, 60, 90, and 120 days past due which I dispute as being inaccurate. I don't believe that I have ever been past due at all on this account. Fix this or delete the entire account !".

    C. **The Date of Last Payment** which stated " You are reporting a last payment date of July 2020, but the payment history shows a paid on time in August 2020. Both cannot be true. Fix this or delete the entire account !".

    D. **The Date of first delinquency**, which stated " I dispute that there should even be a date of first delinquency reporting, but alternatively even if it should be reporting, May 2020 is not accurate because in the payment history you report may 2020 as being paid on time. Both cannot be true. Fix this or delete the entire account."

    E. **Account history**, which stated " The Account history in regards to the balances, Past due, Available Credit, actual payment, high credit, credit limit and Scheduled payments is incomplete for the months of January 2021 through August 2023. Fix this or delete the entire account"

27. The Specific information disputed In the dispute letter dated August 24, 2023 in regards to First Premier Bank LLC account (Transunion - 517800674350****) stated the following:

    A. **The High balance**, Which stated "you have reported a high Balance of $870 which I dispute as being inaccurate. I don't believe that I have ever had a high balance of $870 on this account. Fix this or delete the entire account !".

- B. **The payment history**, which stated "You report that I have been 30, 60, 90, and 120 days past due which I dispute as being inaccurate. I don't believe that I have ever been past due at all on this account. Fix this or delete the entire account !".

- C. **The Payment received** which stated " You are reporting a last payment date of 07/03/2022 and a payment received of 0$, How can I possibly make a payment of 0$ ? Fix this or delete the entire account !".

- D. **The Balance**, which stated " You are reporting a balance of $753, which I dispute as being inaccurate. I don't believe that I have a balance of 753$ on this account. Fix this or delete the entire account !"

- E. **The Account history**, which stated " The Account history in regards to the balances, Past due, and Scheduled payment is incomplete for the months of September 2019 through August 2021. Fix this or delete the entire account!"

- F. **No date of first delinquency**, which stated " You are claiming that I was past due and went into charge-off status on this account, which I still dispute as being inaccurate, but you are reporting that I was past due, so why are not reporting a date of first delinquency ? Fix this or delete the entire account !"

28. Plaintiff requested Pertinent documentary evidence in each of the dispute letters dated August 24, 2023.

29. The request for documentary evidence stated "I request that Each Furnisher provide me with the pertinent documentary Evidence, proof of indebtedness, including all accounting records, I.e Journals, Ledgers, and Balance sheets to verify all of the disputed information and complete the missing information for the account."

30. On September 1 2023 at or around 9:26 am, Plaintiff received confirmation from USPS that the dispute letter dated august 24 2023 to the consumer reporting agency Equifax had been delivered

31. On September 1 2023 at or around 5:14 am, Plaintiff received confirmation from USPS that the dispute letter dated August 24 2023 to the consumer reporting agency Transunion had been delivered.

32. Upon information and belief Defendant Equifax, forwarded Plaintiff's dispute letters dated August 24 2023 and all relevant documents to First premier Bank and One Main Financial LLC, alternatively Defendant Equifax did not forward plaintiffs dispute letter and all relevant documents.

33. Upon information and belief Defendant Equifax, forwarded Plaintiff's dispute letters dated August 24 2023 and all relevant documents to First premier Bank and One Main Financial LLC, alternatively Defendant Equifax did not forward plaintiffs dispute letter and all relevant documents.

34. On or about September 25 2023, Plaintiff received the reinvestigation results from Equifax, confirming that they merely verified the disputed information.

35. On or about September 13 2023, Plaintiff received the reinvestigation results from Transunion, confirming that they merely verified the disputed information.

36. Upon information and belief Defendants Equifax and Transunion did not take into account the documentary evidence as requested by Plaintiff in his dispute letters dated August 24, 2023.

37. Upon Information and belief the Defendant Transunion either did not do a reinvestigation at all or did not do a reasonable reinvestigation.

38. Upon Information and belief the Defendant Equifax either did not do an reinvestigation at all or did not do a reasonable reinvestigation.

39. On or about October 9 2023, Claimant Applied for a Pen-Fed Credit Card that pulled the credit report from Equifax and was denied based on the information contained in its report, which included the disputed inaccurate and incomplete information still being reported by Equifax.

40. On or about October 9 2023, Claimant Applied for a Apple Credit Card that pulled the credit report from Transunion and was denied based on the information contained in its report, which included the disputed inaccurate and incomplete information still being reported by Transunion.

41. On or about October 9 2023, Claimant went to https://www.annualcreditreport.com to pull an updated copy of his Equifax credit report to find that all of the inaccurate and incomplete information that was disputed was still being reported.

    A. Equifax Report Number - 3781235513

42. On or about October 9 2023, Claimant went to https://www.annualcreditreport.com to pull an updated copy of his Transunion credit report to find that all of the inaccurate and incomplete information that was disputed was still being reported.

    A. Transunion Report Number - 424987110

43. Upon information and belief, Defendants Equifax and Transunion failed to have a procedure in place top assure maximum possible accuracy, upon plaintiffs request for verification and deletion, and in accordance with its standard procedures, Equifax and Transunion did not evaluate or consider any of plaintiffs information, claims or evidence and did not take any attempt to substantially or reasonably verify the One Main Financial LLC or First Premier Bank accounts.

44. Defendants Equifax and Transunion failed to properly maintain and failed to follow reasonable procedures to assure maximum possible accuracy of plaintiffs credit information and plaintiffs credit report, concerning the One Main Financial LLC and First Premier Bank accounts accounts in question, thus violating the FCRA. These violations occurred before, during , and after the dispute process began with Equifax and Transunion.

45. At all times pertinent hereto, the conduct of Defendants Equifax and Transunion, as well as that of their agents, servants and or/employees, was malicious, intentional, willful, reckless, negligent an in disregard for federal law and the rights of the Plaintiff herein, given that they knew the disputed information reported by One Main Financial LLC and First Premier Bank accounts was and is inaccurate and incomplete after receiving the dispute notices by plaintiff.

46. As a result of the actions and inactions of Defendants Equifax and Transunion Plaintiff suffered damages, including *but not limited to*, mental and emotional distress, being denied credit by Pen-Fed and Apple Card, loss of time and out of pocket costs.

47. Plaintiffs Equifax and Transunion credit report, credit information and file formulated by Defendants Equifax and Transunion, which includes the inaccurate and incomplete information furnished by One Main Financial LLC and First Premier Bank accounts have been viewed by current and potential credit grantors and extenders of credit, as indicated by inquires on his Equifax and Transunion credit reports, as well as the credit denial letters. The Inaccurate and incomplete information being reported by Equifax, Transunion Is continuing to damage the Plaintiff's credit rating as well as his credit reputation.

48. *All Documents mentioned in this complaint including but not limited to Plaintiffs Equifax and Transunion credit reports, Equifax and Transunion reinvestigation results, Plaintiff dispute letters, Pen-fed and Apple Credit Card denial letters, and Plaintiff and his significant other testimony in regards to his emotional distress damages will be made available or is attached to this complaint.*

## EMOTIONAL DISTRESS/MENTAL ANGUISH

49. Plaintiff has suffered emotional distress damages as a direct result of Defendants Equifax and Transunion actions/inactions.

50. Plaintiff was in the market for $25,000 in credit to help him with fixing parts on his car and getting his daughter braces.

51. Plaintiff, wanting to fix up his vehicle and get his daughter braces, set out to obtain the credit to make this happen.

52. Plaintiff knew that in order for him to have to best chances at success to get approved for the credit and mortgage was to have an accurate credit report, free of errors and omissions

53. In Plaintiffs unwavering determination to correct the errors and omissions in his Equifax and Transunion credit reports, he spent 5 days, at least 3 hours per day researching the Fair Credit reporting Act and how to Write a dispute letter to the consumer reporting agencies.

54. Plaintiff spent the extra money that he didn't have to make sure the letters were received and handle correctly by sending the letters certified mail.

55. For Plaintiffs very tight budget, Sending the letters did not come cheap, each letter cost plaintiff about $6.42 to send USPS certified mail.

56. After spending so much time, energy, effort and money, Plaintiff expected the inaccurate and incomplete information to fixed or for the account to be removed for his credit reports.

57. On or about September 13 2023, Plaintiff came home from a productive day at work, Planing to have a movie night with his significant other and daughter.

58. Plaintiff noticed that the mail had arrived, he received letter of reinvestigation from Transunion.

59. After Reading through the letter, each account was verified as being accurate.

60. Plaintiff was in utter disbelief, after all the hours spent researching and drafting a very detailed letter, that none of the inaccurate or incomplete information was fixed.

61. A sense a powerlessness overcame plaintiff, and he could not enjoy his movie night with his family, instead he grew an aching headache and was forced to take Ibuprofen, to subside the pain.

62. This Medicine was not readily available, so plaintiff begrudgingly asked his significant other to drive to the CVS pharmacy to purchase the Ibuprofen, because he could not drive himself due to the pain.

63. The next day on September 14 2023, Plaintiff could not get out of bed causing him to miss work because his headache would not go away and he could not stop thinking about how powerless he felt in not being able to fix the inaccuracies and incomplete information in his Equifax credit report.

64. After a few weeks, and long and emotional conversations with her husband, Plaintiff decided again to draft and send another dispute letter to Equifax detailing the inaccuracies and incomplete information, which took her about 3 hours to draft.

65. On September 23 2023, Plaintiff and his significant other had plans to attend his friend party that he has not seen in years.

66. Plaintiff went out to get his friend a gift and card from the store, when he noticed the mail had just been dropped off.received the mail.

67. Plaintiff checked the Mail and noticed that the Equifax reinvestigation results were among the pieces of mail.

68. Hoping for a different outcome than the Transunion Results , Plaintiff read through the reinvestigation results only to be completely let down once again, seeing the account were verified and none of the information was fixed.

69. With plaintiffs frustration boiling over, out of nowhere he began to cry uncontrollably.

70. Plaintiffs significant other attempted to console him but he would not let her because he felt embarrassed, humiliated, and less of a man allowing her to see him emotional.

71. Given all the effort, time and energy Plaintiff put into fixing the inaccurate and incomplete information in his Equifax and Transunion credit report, Plaintiff was defeated.

72. Plaintiff could not attend his friends party that night because he grew another blinding headache that forced him to take more Ibuprofen to subdue the pain.

73. That same night, plaintiff had trouble falling and staying asleep, making him extremely tired and exhausted the next day.

74. Plaintiff avoided answering his friends Phone calls because he was too embarrassed to explain why he was not able to make it her his party.

75. Plaintiff, with a overwhelming feeling a powerlessness and demoralization, did not know what else to do.

76. Plaintiff decided that he had no other option but to apply for the credit that he was originally planning to obtain, hoping and praying that he would still get approved.

77. On or about October 9 2023, Claimant Applied for a Pen-Fed Credit and Apple Credit Card that pulled the credit report from Equifax and Transunion and was denied based on the information contained in its report, which included the disputed inaccurate and incomplete information still being reported by Equifax and Transunion.

78. Being denied the credit the Pen-Fed and Apple credit Cards increased plaintiffs feelings humiliation, embarrassment and powerlessness, and it manifested into anger, causing plaintiff to punch his door because it set in that he is not able to get his car fixed up and provide an option for his daughter to get her Braces.

79. Plaintiff has since been terrified to apply for any more credit in fear of being denied once again.

## WHY EQUIFAX AND TRANSUNION REINVESTIGATION WAS UNREASONABLE

80. Equifax and Transunion failed to conduct a reasonable reinvestigation into the disputed information as required by 15 USC 1681i. When the Plaintiff, Brennan Watson, raised concerns about the accuracy and completeness of information contained in his Credit reports, Equifax and Transunion was obligated to Conduct a Reasonable reinvestigation to verify the accuracy and completeness of the reported information.

81. Specifically, the Plaintiff pointed out several instances of inaccurate, incomplete and contradicting information on the accounts being furnished by Defendant Credit one, Santander, and United Auto (See paragraphs 24-26).

82. In the dispute letters dated August 24 2023 plaintiff provided a copy of his Equifax and Transunion credit reports that highlighted the specific accounts, the inaccurate, incomplete and contradictory information on his Equifax and Transunion credit reports.

83. Plaintiff, even made Equifax and Transunion aware that the information provided from its original sources may be unreliable in each dispute letters dated August 24 2023.

84. Due to the firm belief that the information is unreliable, Plaintiff requested pertinent documentary evidence in each dispute letter to see if the information being reported could be substantially verified.

85. Plaintiff requested for Equifax and Transunion to provide its description of the procedures used and method of verification in each of the dispute letters, for which they did not do.

86. Despite these clear and specific disputes, Equifax and Transunion failed to take adequate steps to reasonably reinvestigate the accuracy and completeness of the disputed information.

87. Knowing that plaintiff disputed very specific information, Equifax and Transunion did not take into account plaintiffs request for documentary evidence or considered any of plaintiffs relevant information. Instead, Equifax and Transunion merely and sloppily solely relied on the unreliable information provided by the original source to verify the disputed information.

88. A reasonable reinvestigation conducted by Equifax and Transunion with an unwavering focus on accuracy and completeness of the disputed information would have led Equifax and Transunion to a different outcome.

89. A reasonable reinvestigation by Equifax and Transunion would conduct a thorough examination of the credit reports provided by the Plaintiff. Instead of merely relying on the data received from the furnishers of the unreliable information, Equifax and Transunion would recognize the credit report as a central piece of evidence in dispute.

90. This comprehensive assessment would extend beyond a superficial verification and would take into account the presence of gaps in payment history and Inaccurate balances between the two reports for the same accounts, and inaccurate and incomplete Date of first delinquencies. These elements would be seen as crucial areas to address rather than dismiss.

91. Equifax and Transunion would recognize the importance of cross-referencing the credit reports with creditor records to ensure the completeness and accuracy of the reported information. This step is vital in detecting potential inaccuracies or omissions.

92. Discrepancies between the credit report and creditor records would be considered noteworthy, signaling the need for a closer examination and resolution. The investigation would not merely accept creditor records as the ultimate authority.

93. Equifax and Transunion would treat the Plaintiff dispute with the seriousness it deserves. The disputes, explicitly highlighting the inaccurate and incomplete information (see Paragraphs 20-23) and supported by the provided credit reports, would be the primary focus of the investigation

94. The dispute and accompanying evidence would be at the forefront of the investigation, signifying that the core of the matter revolves around the incompleteness of the credit reporting. Equifax and Transunion would conduct a thorough analysis to rectify this issue.

95. Despite this evidence, Equifax and Transunion failed to modify or delete the unverifiable, inaccurate, and incomplete information it is reporting. As a result, the inaccurate and unverifiable information continues to adversely impact the Plaintiff's creditworthiness and financial opportunities and plaintiffs credit report has been disseminated on multiple occasion potential creditors, evidence plaintiffs denial letters.

### COUNT I: VIOLATION OF 15 U.S.C. § 1681i(a)(1)
### (Defendants Equifax, Transunion)

96. Plaintiff re-alleges paragraphs 1- 95 as if fully set forth herein.

97. Defendants Equifax and Transunion violated 15 U.S.C. § 1681i(a)(1) by failing to conduct a reasonable reinvestigation into the accuracy and completeness of the disputed information and delete the items of information from plaintiffs file.

98. Defendants Equifax and Transunion has caused injury in fact by causing among other effects, mental and emotional distress, damage to credit reputation, resulting in credit denial damages to Plaintiff.

99. Defendants Equifax and Transunion has done so either negligently or willfully.

100. Plaintiff is entitled to actual damages, punitive damages, and costs pursuant to 15 U.S.C 1681o.

101. Alternatively, Plaintiff is entitled to actual damages and costs if the violation is negligent, pursuant to 15 U.S.C 1681n.

### COUNT II: VIOLATION OF 15 U.S.C. § 1681i(a)(4)
### (Defendants Equifax, Transunion)

102. Plaintiff re-alleges paragraphs 1-101 as if fully set forth herein.

103. Defendants Equifax and Transunion violated 15 U.S.C. § 1681i(a)(4) in that they failed to consider and forward all relevant information to the furnisher of information.

104. Defendants Equifax and Transunion has caused injury in fact by causing among other effects, mental and emotional distress, damage to credit reputation, resulting in credit denial damages to Plaintiff.

105. Defendants Equifax and Transunion has done so either negligently or willfully.

106. Plaintiff is entitled to actual damages, punitive damages, and costs pursuant to 15 U.S.C 1681o.

107. Alternatively, Plaintiff is entitled to actual damages and costs if the violation is negligent, pursuant to 15 U.S.C 1681n.

### COUNT III: VIOLATION OF 15 U.S.C. § 1681i(a)(5)
### (Defendants Equifax, Transunion)

108. Plaintiff re-alleges paragraphs 1 - 107 as if fully set forth herein.

109. Defendants Equifax and Transunion violated 15 U.S.C. § 1681i(a)(5) in that they failed to delete the information that was inaccurate or could not be verified, and failed to have a reasonable procedure to prevent the reoccurrence of inaccurate or unverifiable information.

110. Defendants Equifax and Transunion has caused injury in fact by causing among other effects, mental and emotional distress, damage to credit reputation, resulting in credit denial damages to Plaintiff.

111. Defendants Equifax and Transunion has done so either negligently or willfully.

112. Plaintiff is entitled to actual damages, punitive damages, and costs pursuant to 15 U.S.C 1681o.

113. Alternatively, Plaintiff is entitled to actual damages and costs if the violation is negligent, pursuant to 15 U.S.C 1681n.

### COUNT IV: VIOLATION OF 15 U.S.C. § 1681i(a)(7)
### (Defendants Equifax, Transunion)

114. Plaintiff re-alleges paragraphs 1- 113 as if fully set forth herein.

115. Defendants Equifax and Transunion violated 15 U.S.C. § 1681i(a)(7) in that they failed to provide a written description of the procedures used to determine the accuracy and completeness of the disputed information.

116. Defendants Equifax and Transunion has caused injury in fact by causing among other effects, mental and emotional distress, damage to credit reputation, resulting in credit denial damages to Plaintiff.

117. Defendant Equifax and Transunion has done so either negligently or willfully.

118. Plaintiff is entitled to actual damages, punitive damages, and costs pursuant to 15 U.S.C. §1681(o).

119. Alternatively, Plaintiff is entitled to actual damages, and costs if the violation is negligent, pursuant to 15 U.S.C. § 1681n.

### COUNT V: VIOLATION OF 15 U.S.C 1681e(b)
### (Defendants Equifax, Transunion)

120. Plaintiff re-alleges paragraphs 1- 119 as if fully set out herein.

121. A consumer reporting agency violates 15 U.S.C. §1681e(b) when it amongst other things prepares a report with inaccurate information that does not concern the individual about whom the report relates, published an inaccurate consumer report to a third party and failed to maintain a procedure designed to assure maximum possible accuracy.

122. A consumer reporting agency violates 15 U.S. Code §1681e(b) of the Fair Credit Reporting Act when it among other qualifying actions and omissions, continued to fail to maintain procedures to assure maximum possible accuracy by continuing to prepare a report about Plaintiff in regards to the Verity Credit Union account and information after being notified

that the information was inaccurate and published the information to a third party which in return caused Plaintiff a credit denial and emotional distress.

123. Defendants Equifax and Transunion has caused injury in fact, by causing, among other effects, mental and emotional distress, damage to credit reputation, and resulting in credit damages to Plaintiff.

124. Defendants Equifax and Transunion has done so either negligently or willfully.

125. Plaintiff is entitled to actual damages, punitive damages, and costs pursuant to 15 U.S.C. §1681(o).

126. Alternatively, Plaintiff is entitled to actual damages, and costs if the violation is negligent, pursuant to 15 U.S.C. § 1681n.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that this court enters Judgement in favor of Plaintiff against Defendants for:

(a) Actual Damages Pursuant to 15 U.S.C 1681o(a)(1);

(b) Statutory damages Pursuant to 15 U.S.C 1681n(a)(1)(A);

(c) Punitive damages Pursuant to 15 U.S.C 1681n(a)(2);

(d) Costs Pursuant to 15 U.S.C 1681o(a)(2);

(e) An order directing defendant immediately delete all of the inaccurate information from plaintiffs credit reports and files and cease reporting the inaccurate information to any and all persons and entities to whom they report consumer credit information.

(f) Award to Plaintiff of such other and further relief as may be just and proper

DATED  11/20/2023

Respectfully submitted,

/S/ Brennan Watson

Brennan Watson Pro Se
12040 Little Patuxent pkwy, apt j
Columbia MD 21044
Email: brennanwat30@gmail.com